# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

LISA YRDANOFF,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CR-193-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Lisa Yrdanoff pleaded guilty of conspiracy to possess with intent to distribute methamphetamine and was sentenced below the advisory guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range to 144 months of imprisonment and a five-year term of supervised release.  On appeal, Yrdanoff contends that her sentence is substantively unreasonable because the district court essentially should have disregarded the drug quantities that she admitted to in her post-arrest statements, given that those statements assisted the government in prosecuting other defendants; she was a relatively minor player in the conspiracy; and she personally possessed only a small amount of methamphetamine.  Yrdanoff did not raise this argument in the district court in the context of substantive reasonableness.

Sentences are reviewed for reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We engage in a bifurcated review, *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009), first considering whether the district court committed a "significant procedural error," *Gall*, 552 U.S. at 51.  If there is no error or the error is harmless, we review the substantive reasonableness of the sentence for abuse of discretion.  *Id.*; *see also Delgado-Martinez*, 564 F.3d at 751-53.

Notwithstanding the above, plain error review applies where, as here, the defendant fails to object in the district court.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To prevail, Yrdanoff must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a show-ing, we have the discretion to correct the error, but "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citations omitted).

The district court clearly heard and considered Yrdanoff's arguments regarding her post-arrest statements when imposing sentence, ultimately opt-ing to depart below the advisory guideline range for substantial assistance but

No. 18-10441

not depart to the requested sentence of 60 months.  Yrdanoff's argument is nothing more than a disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors, which is insufficient to demonstrate error, much less plain error, in the below-guidelines sentence.  *See Gall*, 552 U.S. at 51; *Puckett*, 556 U.S. at 135.

AFFIRMED.